**SHOU HOU ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3837–ag.**

United States Court of Appeals, Second Circuit.

April 30, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Stephen J. Flynn, Senior Litigation Counsel, Arthur L. Rabin, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. PETER W. HALL, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Shou Hou Zheng, a native and citizen of the People's Republic of China, seeks review of the August 24, 2007 order of the BIA affirming the May 16, 2007 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his motion to reopen. *In re Shou Hou Zheng,* No. A73 561 074 (B.I.A. Aug. 24, 2007), *aff'g* No. A73 561 074 (Immig. Ct. N.Y. City May 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion "closely tracks the IJ's reasoning," we may consider both the IJ's and the BIA's opinions "for the sake of completeness" if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). Moreover, when the BIA supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.

2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

The agency denied Zheng's motion to reopen primarily because it was filed over eleven years after the entry of the *in absentia* deportation order—and was therefore untimely—and because Zheng had offered no explanation as to the untimeliness of his motion. In his brief to this Court, Zheng argues that he did not receive adequate notice of his hearing before the IJ, acknowledging that this argument was not properly exhausted before the agency. In its brief, the Government raises Zheng's failure to exhaust his argument of inadequate notice.

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court, *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially-imposed exhaustion requirement is mandatory. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007). As such, because Zheng failed to raise his alleged failure to receive adequate notice of his deportation hearing in any of his submissions before the agency, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See id.* at 124 (describing the issue exhaustion requirement as "an affirmative defense subject to waiver").

Because Zheng fails properly to raise any challenge to the agency's primary basis for denying his motion to reopen, i.e., its untimeliness, he has provided us with no reason to disturb the decisions below.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Zheng's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** We need not consider Zheng's argument challenging the IJ's application of *Qian Gao v. Gonzales,* 481 F.3d 173 (2d Cir.2007), because the BIA expressly declined to reach that issue in its decision, instead relying on the IJ's finding that Zheng's motion was untimely. *Cf. Yan Chen,* 417 F.3d at 271 (declining to review the IJ's adverse credibility determination where the BIA did not base its decision on that determination).